# COLEMAN & RAGLAND, PLC
ATTORNEYS AND COUNSELORS AT LAW

602 CAMERON STREET • ALEXANDRIA, VIRGINIA 22314 • TELEPHONE (703) 739-4200 • FAX (703) 739-4210

November 2, 2011

**VIA ECF**
Chambers Judge
United States District Court
for the District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, MD 20770

   Re:  *Chevron Corp. v. Aaron Marr Page* 8:11-mc-00395 (UA)

Your Honor:

   I represent Respondent Aaron Marr Page and a group of indigenous residents of the Ecuadorian Amazon that brought suit against Chevron Corporation ("Chevron") on behalf of themselves and others in the litigation captioned as *Aguinda et al. v. Chevron Corp.*, No. 2003-0002 pending in the Provincial Court of Justice in the Sucumbíos Province of Ecuador (the "Ecuadorian Plaintiffs").[1] Mr. Page is an active attorney for the Ecuadorian Plaintiffs and Chevron here seeks a 28 U.S.C. § 1782 discovery order purportedly to aid the Provincial Court. Given Chevron's request that this Court immediately enter an order to show cause, I write by letter to apprise the Court of critical developments and related proceedings that bear directly on the propriety of Chevron's instant § 1782 application.

   In connection with Chevron's § 1782 discovery request, this morning Mr. Page and the Ecuadorian Plaintiffs demanded Chevron take steps to immediately withdraw or seal its § 1782 application that is currently pending before the Court. (*See* Exhibit 1.) Chevron's § 1782 application is premised on, and relies extensively on, eight documents that the Ecuadorian

---

[1] The Ecuadorian Plaintiffs include Alfredo Payaguaje; Armando Wilmer Piaguaje Payaguaje; Beatriz Mercedes Grefa Tanguila; Bertha Yumbo Tanguila; Carlos Grega Huatatoca; Catalina Antonia Aguinda Salazar; Celia Irene Vivero Cusangua; Clide Ramiro Aguinda Aguinda; Daniel Carlos Lusitand Yaiguaje; Delfin Payaguaje; Elias Payahuaje Payahuaje; Emilio Martin Lusitande Yaguaje; Fermin Piaguaje; Francisco Matias Alvarado Yumbo; Francisco Victor Tanguila Grefa; Venancio Freddy Chimbo Grefa; Guillermo Payaguaje Lucitande; Heleodoro Pataron Guaraca; Hugo Gerardo Camacho Naranjo; Javier Piaguaje Payaguaje; Jose Gabriel Revelo Llore; Jose Miguel Ipiales Chicaiza; Lidia Alexandra Aguinda Aguinda; Lorenzo Jose Alvarado Yumbo; Lourdes Beatriz Chimbo Tanguila; Lucio Enrique Grefa Tanguila; Lucrecia Tanguila Grefa; Luis Agustin Payaguaje Piaguaje; Luis Armando Chimbo Yumbo; Luisa Delia Tanguila Narvaez; Maria Clelia Reascos Revelo; Maria Magdalena Rodriguez; Maria Victoria Aguinda Salazar; Maria Viveros Cusangua; Miguel Mario Payaguaje Payaguaje; Narcisa Tanguila Narvaez; Octavio Cordova Huanca; Olga Gloria Grefa Cerda; Patricio Alberto Chimbo Yumbo; Patricio Wilson Aguinda Aguinda; Reinaldo Lusitande Yaiguaje; Rosa Teresa Chimbo Tanguila; Angel Justino Piaguage Lucitande; Simon Lusitande Yaiguaje; Teodoro Gonzalo Piaguaje Payaguaje; Franciso Alvarado Yumbo; and Angel Amanta Milan.

Plaintiffs claim are privileged.[2] These eight documents are subject to current motion practice before the Honorable Roger W. Titus, U.S.D.J., seeking relief from the Court in the form of an order enforcing an earlier stay and requiring the destruction or return of the privileged documents at issue. (*See* Exhibit 2 (Memorandum of Law in Support of Motion for an Order Directing Chevron Corporation to Return or Destroy Privileged Documents, filed Oct. 14, 2011).)

Despite pending motion practice before Judge Titus, Chevron filed and relied on these eight claimed-privileged documents with this Court without proper leave to do so and without making any effort to file the documents under seal. It is clear, however, that Judge Titus' earlier ruling vacating an order denying a stay of the production of the documents remains in place. (*See* Exhibit 3.) The Ecuadorian Plaintiffs and the Pages have placed Chevron on notice of their privilege claims and are actively pursuing motion practice before Judge Titus to enforce the Court's earlier order. In short, Chevron should not have used these documents without a prior finding they could do so and the Ecuadorian Plaintiffs and the Pages plan to seek all appropriate relief, including sanctions, from the Court.

Accordingly, the Ecuadorian Plaintiffs and Mr. Page respectfully request that this Court enter an order staying Chevron's § 1782 action pending resolution of the motion practice currently before Judge Titus on Chevron's improper possession and use of the privileged documents. The request is based on the fact that Judge Titus' ruling on the Motion for an Order Directing Chevron Corporation to Return or Destroy Privileged Documents could result in the instant § 1782 application being withdrawn or denied because of the inability of Chevron to meet its burden under § 1782. It clearly would be more efficient and effective to allow Judge Titus to rule on the pending motion for the return or destruction of the documents at issue before requiring the Ecuadorian Plaintiffs and Mr. Page to expend resources to respond to the issues raised in the instant § 1782 application. For the Pages, this is a pivotal issue because if Judge Titus agrees that the documents were improperly used here, then it follows that Chevron may lose the factual basis provided to satisfy the requirements of 28 U.S.C. § 1782.

The Ecuadorian Plaintiffs and Mr. Page also request that this Court seal Chevron's public filing of exhibits 11, 13, 14, 21, 22, 23, 25, and 69 as well Chevron's memorandum of law which references these exhibits. Permitting Chevron to use this Court's public filing system in an effort to in bad-faith disclose and utilize these privileged documents will make it extremely difficult for Judge Titus to "unscramble the egg"[3] when and if he ultimately enforces his earlier order by requiring Chevron to destroy or return the privileged documents at issue.

Finally, it is respectfully requested that the Court refer Chevron's § 1782 action to Judge Titus for further action as his experience in this matter and his understanding of the prior proceedings and the orders that he has issued will be significant to the efficient and effective resolution of the merits of this opposed § 1782 action.

---

[2] The eight documents at issue were publicly filed as exhibits 11, 13, 14, 21, 22, 23, 25, and 69 to the November 1, 2011 Declaration of Anne Champion in Support of Chevron's Application for an Order Pursuant to 28 U.S.C. § 1782 (Dkt. 2). Chevron's memorandum of law in support of its application for discovery extensively relies on these exhibits as the factual basis for its discovery application.

[3] *In re Ford Motor Co.*, 110 F.3d 954, 962-64 (3d Cir. 1997).

I thank the Court for its attention to this matter.

Respectfully submitted,

Richard D. Carter

cc: All Counsel of Record (simultaneously served by ECF)