# EXHIBIT D



# GOMEZ LLC
## ATTORNEY AT LAW

September 1, 2011

<u>VIA ECF</u>
The Honorable Roger W. Titus, U.S.D.J.
United States District Court
for the District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    *Chevron Corp. v. Page* 11-cv-1942 (RWT)

Dear Judge Titus:

      I write on behalf of Hugh Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje, two defendants in an action pending before the Southern District of New York, and styled *Chevron Corp. v. Salazar et al.*, Civil Case No. 11 cv 3718 (LAK) (the "3718 Action").[1] In that action, Plaintiff Chevron Corporation ("Chevron") seeks a declaration that a judgment by a court in the Republic of Ecuador is not enforceable in the United States.

      In connection with the 3718 Action, Chevron has issued nineteen non-party subpoenas across the United States, including two here in the District of Maryland against the Ecuadorian Plaintiffs' attorney Aaron Marr Page and legal intern Daria Fisher Page. Chevron has sought from the Pages their work product, communications with co-counsel, with clients, investigators, consulting experts, press liaison, and affiliated groups. In short, Chevron has sought the entirety of the Pages' case file totaling approximately 2,000 documents.

      After hearing oral arguments yesterday afternoon, the Honorable Charles B. Day, U.S.M.J., ordered the Pages to produce their entire litigation file (including privileged and sensitive documents), finding both that (1) a discovery sanction against a New York attorney in a 28 U.S.C. § 1782 discovery proceeding could be imported into the 3718 Action and used against the Pages and (2) applying the crime-fraud exception to *all* of the Pages' documents without any *in camera* review or determination that individual documents furthered a crime or fraud.

      Magistrate Judge Day ordered the production "forthwith" but did not "So Order" the transcript and did not file a written order. Although undersigned counsel requested Magistrate Judge Day stay his order to allow the Ecuadorian Plaintiffs and Pages to seek this Court's review, Magistrate Judge Day denied this request finding that Chevron had an urgent need to the

---

[1] I also write on behalf of non-party subpoena Respondents Aaron Marr Page and Daria Fisher Page (the "Pages").

PLEASE REPLY TO N.Y. OFFICE

| THE STURCKE BUILDING | | THE TRUMP BUILDING |
|---|---|---|
| 111 QUIMBY ST. SUITE 8 | | 40 WALL ST. 28TH FLOOR |
| WESTFIELD, NJ 07090 | | NEW YORK, NY 10005 |
| TEL 908 789 1080 | | TEL 212 400 7150 |
| FAX 908 789 1081 | WWW.GOMEZLLC.COM | FAX 212 400 7151 |

Case 1:11-cv-03718-LAK-GWG Document 255 Filed 09/14/11 Page 23 of 34
Case 8:11-cv-01952-RWT Document 9-5 Filed 09/01/11 Page 3 of 4

THE HONORABLE ROGER A. TITUS, U.S.D.J.
SEPTEMBER 1, 2011
PAGE 2 OF 2

discovery at issue based, in part, on a fact discovery cut-off date of September 15, 2011 in the 3718 Action. Notably, Magistrate Judge Day did not issue any protective order over the documents pending an appeal. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 97 (3d Cir. 1992) ("Because of the sensitivity surrounding the attorney-client privilege, care must be taken that, following any determination that an exception [to the privilege] applies, the matters covered by the exception be kept under seal or appropriate court-imposed privacy procedures until all avenues of appeal are exhausted.").

I write to request emergency relief from this Court in the form of a short, temporary bridge-stay to allow both the Pages and the Ecuadorian Plaintiffs to file Objections to Magistrate Judge Day's Order on a schedule set at the Court's discretion. A temporary stay is needed because, absent a stay, the Pages are under Court-order to "forthwith" produce their entire litigation file, to a litigation adversary, and without the ability to seek appellate review of Magistrate Judge Day's order. Such harm will be irreparable. *See United States v. Diageo, Inc.*, No. Civ.02-MC- 1, 2003 WL 21254778, at *1 (D. Minn. April 29, 2003) (granting stay pending appeal of an order to compel, even though defendant had "not made a strong showing on the merits," because of "the strong value the law places on the attorney-client privilege," explaining that if defendant "were required to produce the document now and then was successful on appeal [defendant] would be irreparably harmed because [defendant] would not be able to recover the privileged nature of the document"); *United States v. Jones*, No. 2:99-MC-71-, 1999 WL 1057210, at *2 (D.S.C. Oct. 5, 1999) (granting stay pending appeal of its order requiring production of documents because "if the requested stay is denied, any privileged information which Jones may inadvertently divulge will be forever" and emphasizing that "[t]he important interests that the attorney/client privilege protects will be destroyed and such harm to Carraway will be irreparable").

I thank the Court for its attention to this matter.

Respectfully submitted,

Julio C. Gomez